**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AL-JALEEL SINGLETON, | : | |
| **Plaintiff** | : | |
| | : | **No. 1:20-cv-1082** |
| v. | : | |
| | : | **(Judge Kane)** |
| K. BRITTAIN, et al., | : | |
| **Defendants** | : | |

**MEMORANDUM**

On June 9, 2020, pro se Plaintiff Al-Jaleel Singleton ("Plaintiff"), who is presently confined at the State Correctional Institution at Frackville in Frackville, Pennsylvania ("SCI Frackville"), initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania.  (Doc. No. 2.) In an Order dated June 23, 2020, that court transferred the above-captioned case to this Court for further proceedings.  (Doc. No. 4.)  Defendants filed a motion to dismiss the complaint on September 21, 2020.  (Doc. No. 15.)  Plaintiff did not oppose the motion; however, Plaintiff did file a motion for extension of time in which to file an opposition to the motion to dismiss, which the Court granted by Order dated January 26, 2021.  (Doc. Nos. 17, 18.)  In addition, Plaintiff filed a motion for the appointment of counsel, which the Court denied by Order dated March 9, 2021.  (Doc. Nos. 8, 19.)  The time for Plaintiff to file an opposition under the deadline extended by the Court's prior Order has since past, and thus the motion to dismiss is ripe for disposition. For the following reasons, the Court will grant the motion and dismiss the complaint with prejudice for failure to exhaust administrative remedies.

**I.    BACKGROUND**

In the complaint, Plaintiff alleges that he was "bitten by bed bugs" in his cell on December 1, 2019, and that his "unit manager moved [him] from out [of] that cell and into an

open cell on the same block." (See Doc. No. 2 at 8.)  Plaintiff then was "sent down to medical where I had to show the bug to medical as per protocol for SCI Frackville." (See id.)  Plaintiff now has a phobia of insects. (Id.)  Plaintiff alleges that his bed bug bites violate the Eighth Amendment, and seeks the closure of his cell block until all bed bugs are exterminated and $62,000 in damages. (Id.)

Plaintiff attaches to his complaint his prison grievances regarding the bed bugs in his cell. Plaintiff filed Grievance No. 838277 on December 5, 2019. (Id. at 18.)  That grievance was denied by the grievance coordinator on December 20, 2019. (Id. at 17.)  Plaintiff appealed the denial of his grievance to the facility manager, who denied his appeal on January 15, 2020. (Id. at 19-20.)  Plaintiff attempted to appeal this further denial to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"), however his appeal was rejected and dismissed because he failed to provide the office with required and/or legible documentation for proper review. (Id. at 16.)

Defendants argue in their motion that Plaintiff has failed to exhaust his administrative remedies because he failed to properly appeal the denial of his grievance to the Office of Inmate Grievances and Appeals, which then bars any claim he may have under the Eighth Amendment. (Doc. No. 16 at 3.)

## II.   LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled

to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible.  See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief."  See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted).  The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the

complainant's claims are based upon these documents."  See Mayer v. Belichick, 605 F.3d 223,

230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d

1192, 1196 (3d Cir. 1993)).

   In the context of pro se prisoner litigation, the court must be mindful that a document

filed pro se is "to be liberally construed."  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).  A

pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than

formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

## III.   DISCUSSION

   Defendants argue that Plaintiff has failed to exhaust his administrative remedies, which

bars his Eighth Amendment conditions of confinement claim.  A review of the record

demonstrates that Plaintiff failed to exhaust his grievance regarding the bed bugs in his cell or

cell block.

   Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section
> 1983 of this title, or any other Federal law, by a prisoner confined in any
> jail, prison, or other correctional facility until such administrative
> remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion, as a precondition for bringing suit, is a "'threshold issue that

courts must address to determine whether litigation is being conducted in the right forum at the

right time.'"  See Small v. Camden County, 728 F.3d 265, 270 (3d Cir. 2013).  "[T]he . . .

exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other

wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  A prisoner must exhaust all available

4

administrative remedies even where the relief sought, such as monetary damages, cannot be granted through the administrative process, as long as the grievance tribunal has authority to take some responsive action. Booth v. Churner, 532 U.S. 731, 741 (2001).

The applicable procedural rules for properly exhausting administrative remedies "are defined not by [§ 1997e(a)], but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by [§ 1997e(a)] to 'properly exhaust.'" See Jones v. Bock, 549 U.S. 199, 218 (2007); Drippe v. Tobelinski, 604 F.3d 778, 781 (3d Cir. 2010) ("[W]hether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures."). The burden of proving non-exhaustion lies with the defendants asserting the defense. Jones, 549 U.S. at 212, 216–17. A court evaluating the "threshold" issue of exhaustion looks at whether the inmate "compli[ed] with the prison's specific grievance procedures" and whether those procedures were available to the inmate. See Rinaldi v United States, 904 F.3d 257, 265 (3d Cir. 2018) (quoting Drippe, 604 F.3d at 781, and Small, 728 F.3d at 269-71).

In Pennsylvania, the Department of Corrections ("DOC") has established a comprehensive administrative grievance procedure, DC-ADM 804. See DC-ADM 804, Inmate Grievance System, Pa. Dep't of Corrs., available at https://www.cor.pa.gov/About%20Us/ Documents/DOC%20Policies/804%20Inmate%20Grievances.pdf. Under that procedure, a prisoner must first submit a timely written grievance for review by the facility manager or regional grievance coordinator within fifteen days from the date of the incident. See id. DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "shall identify individuals directly involved in the events," and "shall specifically state any claims he wishes to make concerning violations of Department directives, regulations, court

orders, or other law." See id. A response should be received within ten business days. Next, the prisoner must submit a timely written appeal to an intermediate review level within ten working days. Id. Again, a response should be received within ten working days. Id. Finally, the inmate must submit a timely appeal to the Central Office Review Committee, also known as SOIGA, within fifteen working days, and the inmate should receive a final determination in writing within thirty days. Id. "A proper appeal to final review must include . . . a legible copy of the Inmate Appeal to the Facility Manager," and failure to provide that documentation "may result in the appeal being dismissed." See id. To fully exhaust an issue or incident in accordance with DC-ADM 804, "[a]n inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process." See Stroman v. Wetzel, No. 1:16-CV-2543, 2019 WL 931653, at *3 (M.D. Pa. Feb. 26, 2019); see also Garcia v. Kimmell, 381 F. App'x 211, 213 n.1 (3d Cir. 2010) ("Proper exhaustion in Pennsylvania requires completion of a three-part procedure; initial review, appeal, and final review.").

It is clear that Plaintiff did not exhaust his grievance regarding the bed bugs, because it was not accepted by and adjudicated by the final level review, SOIGA. That does not end the Court's inquiry, however, as it must also consider whether the applicable administrative remedies were "available" to Plaintiff for those unexhausted claims.

In Ross v. Blake, 136 S. Ct. 1850 (2016), the Supreme Court outlined the three instances in which remedies would not be "available" such that exhaustion may be excused: (1) when an administrative procedure "operates as a simple dead end with officers unable or consistently unwilling to provide relief to aggrieved inmates;" (2) where the administrative remedies are so unclear that "no ordinary prisoner can make sense of what it demands;" and (3) where prison officials "thwart inmates from taking advantage of a grievance process through machination,

misrepresentation, or intimidation." See id. at 1859-60; see also Rinaldi, 904 F.3d at 266-67. "[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." Rinaldi, 904 F.3d at 268.

Here, Plaintiff has failed to oppose the motion, and thus he makes no argument that he falls under one of these three categories, nor would they appear to apply to the facts alleged in his complaint.  Indeed, Plaintiff utilized the grievance process for this grievance (and presumably others), but he simply failed to complete the final level of review.  There is no fact or reasonable inference the Court can make that would support a conclusion that the grievance procedure was unavailable to Plaintiff at SCI Frackville.  Accordingly, Plaintiff has failed to exhaust the administrative remedies that were available to him, as he is required to do by § 1997e(a) prior to filing suit as to all issued raised in the complaint, and the Court will thus grant the motion to dismiss.

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile." See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Here, amendment would be futile because a failure to exhaust administrative remedies is an absolute bar to liability under § 1983.

IV.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be granted (Doc. No. 15) and the complaint (Doc. No. 2) will be dismissed with prejudice.  An appropriate Order follows.